Tony Mancuso, J.
This is a prosecution for violation of section 145 of the Social Welfare Law, a misdemeanor. A jury was waived.
The case for the People consisted of the testimony of Judy Welch, Department of Social Welfare case worker, who was the defendant’s case worker in May, June and July of 1964. The prosecution presented several written exhibits, the most important of these exhibits being Exhibit No. 2, the form of application for public assistance. This form contains the provision, “ I will also keep him ['Commissioner of Social Welfare] informed of any changes in my needs and resources.”
From the evidence before me, there is no question that the defendant was overpaid welfare assistance in the sum of $29.12 for May of 1964 and $16.89 for June of 1964, making a total overpayment of $46.01. Also, that these overpayments resulted from the defendant having earned the respective amounts in May and June, 1964, of $29.12 and $16.89, as an employee of the Bellevue Country Club. The gravamen of the People’s claim, *283 under section 145 of the Social Welfare Law, was that the defendant, ‘ ‘ by means of a false statement or representation, or by deliberate concealment of any material fact ” committed a crime in failing to report to the welfare authorities the said earnings of $46.01 during the months of May and June of 1964.
The defendant testified and denied all the People’s allegations.
The defendant has no previous criminal record and is the mother of three children. With the help of the Welfare Department she was the sole support of her three minor children. The evidence is undisputed that, throughout the two-year period of the defendant’s welfare assistance, she always pursued some form of gainful employment and contributed to her children’s support.
The prosecution was commenced against the defendant in July of 1964 without any request or notice for restitution of the overpayment of $46.01 by anyone from the Welfare Department. There is also evidence in this record that the welfare payments to the defendant were never the same, but varied from month to month, as a result of the defendant’s earnings in different part-time jobs. The defendant’s monthly welfare assistance budget was revised on numerous occasions to reflect the difference in the defendant’s earnings from month to month. There is evidence, also, that bad blood and strained relations existed between the welfare case worker and the defendant; and that the defendant was the object of a comprehensive fraud investigation by the officials of the Onondaga Department of Social Welfare, which the defendant was aware of, prior to June of 1964. The defendant notified the welfare officials, in late June of 1964, that she would no longer need any welfare assistance because she was working two jobs and, this, before any notice of the proceedings herein. There is no evidence that the defendant had any bookkeeping or similar training. In my opinion, the defendant’s testimony, that she had no idea as to how her welfare budget was made out, is credible.
The case before me involves a prosecution for a criminal act. The criminal proceeding in our courts is the most important of the legal proceedings and the law compels the People to prove a case by clear and convincing evidence and beyond a reasonable doubt.
Welfare cheats are reprehensible and the courts should be alert to recognize this serious problem confronting our welfare authorities. However, “It is one of the prime functions of law to insure social order by interdicting and repressing conduct inimical to it. But our concept of government, unlike some others, attributes equal importance to the precept that *284 the protection of the rights and of the security of the individual is also the duty and the function of law.” (Marks & Paperno, Criminal Law in New York, § 3, p. 7.) “ Under the American system of law, even the most corrupt and reprehensible individual may not be deprived of liberty, unless his guilt is established within the confines of an applicable penal statute. A desirable end can never justify the use of impermissible or improper means.” (People v. Dioquardi, 8 A D 2d 426, 435 revd. 8 N Y 2d 260.)
In my opinion, the testimony of the People’s witness, although truthful, and the People’s exhibits received, make out a clear case of overpayment to the defendant of $46.01. The People’s case, however, is not sufficient in quality and character to prove this defendant guilty beyond a reasonable doubt of a violation of section 145 of the Social Welfare Law. (People v. Hubbard, 10 A D 2d 735.) I am not satisfied from the evidence before me that the defendant is guilty of “ deliberate concealment of a material fact ” or that she obtained welfare assistance of $46.01 for May and June of 1964 by, ‘ ‘ means of a false statement or representation ’ ’.
I, therefore, find this defendant not guilty, after trial.